O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:03-CR-00743-CAS |
| Plaintiff, ) ) | WILBERT HOOD'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3583. |
| vs. ) ) | |
| WILBERT HOOD, ) ) ) | |
| Defendant. ) _____ ) | |

## I. INTRODUCTION

On July 25, 2003, the government filed an indictment charging Wilbert Hood with one count of conspiracy with intent to distribute cocaine base, in violation of 18 U.S.C. § 846, and four counts of distribution of cocaine base, in violation of 18 U.S.C. §§ 846(a0(1), b(1)(A). Dkt. 15. On October 3, 2003, Hood pled guilty to one count of conspiracy to distribute cocaine base. Dkt. 29. On July 8, 2005, Hood was sentenced to the mandatory minimum term of 120 months' imprisonment to be followed by a five-year term of supervised release. Hood began his term of supervised release in March 2012.

On August 11, 2014, this Court denied Hood's first motion to terminate or reduce his supervised release. Dkt. 84.

On March 18, 2015, while Hood was on supervised released, he was arrested on an allegation of spousal abuse. Dkt. 93. The Court found that, "[a]lthough no charges were filed, Mr. Hood acknowledged being engaged in an argument with his wife which resulted in her being scratched." Id.

On July 18, 2016, Hood filed the instant motion to for early termination of his supervised release, asserting that termination is in the interests of justice. Dkt. 96. ("Motion"). The government filed its opposition to Hood's motion on August 8, 2016. Dkt. 99 ("Opp'n"). Hood notes that the probation department also opposes plaintiff's motion.

## II.    LEGAL STANDARD

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which requires the court to consider factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. Those factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002). After considering those § 3553(a) factors, the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when considering whether to grant early termination." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).

///
///
///

## III. DISCUSSION

Hood contends that the Court may terminate a previously imposed period of supervised release "at any time after the expiration of one year of supervised release" so long as the defendant satisfies the factors set forth in 18 U.S.C. § 3553(a). Motion at 2–3. The government argues that the Court may not reduce a term of supervised release where, as here, a defendant was sentenced to the mandatory minimum period of sueprvised release. Opp'n at 4. The government also contends that early termination would not serve the interests of justice. Id. at 6.

The Court is not persuaded that 21 U.S.C § 841(b)(1) precludes the Court from terminating a term of supervised release after the completion of one year. See United States v. McClister, No. 2:02-cr-87-TS, 2008 WL 153771, at *2 (D. Utah Jan. 14, 2008) ("The Court retains the authority under 18 U.S.C § 3583(e) to terminate Defendant's term of supervised release before her four year term has run."); United States v. Scott, 362 F. Supp. 2d 982, 984 (N.D. Ill. 2005) ("To be sure, § 841imposes harsher sentences on persons convicted of drug crimes than of other criminal activity, imposing, for example, long mandatory minimum sentences of imprisonment. The *imposition* of these sentences required by § 841, however, cannot be read to require the full *service* of the sentences in the face of other statutes allowing relief from such service, such as § 3583(e)."); United States v. Vargas, 564 F.3d 618, 623 n.3 (2d Cir. 2009) (assuming without deciding that mandatory supervised release can be terminated under section 3583(e)(1)); United States v. Spinelle, 41 F.3d 1056, 1060 (6th Cir. 1994) (finding that mandatory supervised release can be terminated under § 3583(e)(1) after the defendant has served at least one year of the mandatory supervised release).

Nonetheless, having considered the relevant statutory factors, the Court concludes that early termination of supervised release does not serve the interests of justice in this case because Hood has been arrested on an allegation of spousal abuse and because Hood has not alleged any special circumstances that suggest that supervised release imposes a substantial hardship on him. For example, Hood has not:

3

identified a changed circumstance demonstrating that a condition of his supervised release is unduly burdensome such that supervised release should be terminated early. . . . There has been no showing that the restriction is either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a). Further, the Defendant has not shown that early termination of supervised release is appropriate because the "stigma" of supervised release has limited his efforts to pursue a career in trucking.

United States v. Carter, No. 4:10-cr-0363-SBA, 2013 WL 2255875, at *2 (N.D. Cal. May 22, 2013). The Court therefore **DENIES** Hood's motion for early termination.

## IV. CONCLUSION

In accordance with the foregoing, Hood's motion for early termination of his supervised release is **DENIED**.

IT IS SO ORDERED.

Dated: January 11, 2017

_____
CHRISTINA A. SNYDER
United States District Judge

4